UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose S.P.,                                                                 No. 26-cv-01684-SRB-EMB

    Petitioner,

v.                                                                                **ORDER**

Pamela Bondi, *et al.*,

    Respondents.

    Before the Court is Petitioner Jose S.P.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background[1]

    Petitioner is a citizen of Ecuador who has resided in the United States for more than six years. Petitioner entered the United States on May 15, 2019, and was detained at the Texas border. After several days in detention, DHS released Petitioner on his own recognizance into the United States, with a Notice to Appear in removal proceedings. Petitioner filed an application for asylum and withholding of removal, which remains pending. No final order of removal has been entered against him. Petitioner was working legally in the United States with a C08 Employment Authorization Document at the time of his arrest. ICE arrested Petitioner on or about January 15, 2026. The following day, January 16, 2026, ICE transferred petitioner to El Paso, Texas.

## Analysis

    A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas

---

[1] The following allegations are taken from Petitioner's Petition for a Writ of Habeas Corpus. (Doc. #1) without further citation or attribution unless otherwise noted.

1

challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

Respondents argue that "jurisdiction is not proper in the District of Minnesota." (Doc. #6, p. 3.) The Court disagrees and finds that the District of Minnesota is the appropriate venue to adjudicate this petition as "the venue for habeas petitions allow for equitable concerns such as convenience and appropriateness of the district." *Jose A. v. Noem*, No. 26-CV-480 (JMB/ECW), 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026). In *Jose*, the petitioner was arrested in Minnesota and then transferred to El Paso, Texas. *Id.* at 4. The court found that equitable factors weighed in favor of the District of Minnesota as the appropriate venue and reasoned that

> [V]enue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained individuals to a district of their choosing.

*Id.* at 4-5. Similarly, Petitioner here was arrested on or about January 15, 2026, and was transferred to El Paso, Texas the following day. The transfer was due to bed space concerns. The Court agrees with the reasoning of *Jose* and finds that the District of Minnesota is the appropriate venue to adjudicate this petition.

Respondents further argue that Petitioner's "[d]etention is proper under 8 U.S.C. § 1225(b)(2)." (Doc. #6, p. 6.) The Court finds that the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner because he already entered and was residing in the United States at the time he was apprehended. In particular, § "1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because

Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.* "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

The Court further concludes that immediate release is the appropriate remedy. Respondents filed a warrant for Petitioner's arrest, but do not argue that the warrant makes Petitioner's detention lawful under § 1226. The Court finds the warrant is insufficient to show that Petitioner is lawfully detained under § 1226. The Court directed Respondents to include in their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition" (Doc. #3, p. 1). Despite this order, Respondents have not produced an affidavit showing that (1) the warrant was issued prior to Petitioner's arrest or (2) the immigration officer who arrested Petitioner had reason to believe that the Petitioner was in the United States in violation of any law or regulation and was likely to escape before a warrant for his arrest could be obtained. *See* 8 U.S.C. § 1357(a)(2). Accordingly, the Court finds that despite the existence of a warrant, immediate release of Petitioner is the appropriate remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately return Petitioner to Minnesota, but no later than 48 hours from the date of this Order.

4. Respondents shall immediately release Petitioner upon his return to Minnesota, but no later than 72 hours from the date of this Order.

5. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

6. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.

7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 5, 2026                             *s/Stephen R. Bough*
                                                Stephen R. Bough
                                                United States District Judge